# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| JOHN DOE #046, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:24-cv-00021 |
| v. | ) |
| | ) JUDGE CAMPBELL |
| WILLIAM LEE, Governor of the State | ) MAGISTRATE JUDGE HOLMES |
| of Tennessee, *et al.* | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff John Doe #046 brings this action alleging that Defendants have violated, and continue to violate, his Constitutional right against *ex post facto* punishment through retroactive imposition of the sex offender restrictions and monitoring requirements of Tennessee's Sexual and Violent Sexual Offender Registration, Verification, and Tracking Act ("SORA") (Tenn. Code Ann. § 40-39-201, *et seq*.). Plaintiff seeks declaratory and injunctive relief against the Defendants.

Before the Court are Plaintiff's Unopposed Motion for Preliminary Injunction (Doc. No. 8), Defendants' Unopposed Motion for Extension of Time (Doc. No. 11), and the Parties' Joint Motion to Administratively Stay Case Pending Ruling in Sixth Circuit Appeal (Doc. No. 10).

Defendants acknowledge that federal district courts in Tennessee have found SORA violates the ex post facto clause and have frequently granted preliminary and permanent injunctive relief to sexual offenders. However, they maintain that SORA does not violate the Ex Post Facto Clause, and they have appealed the grant of a preliminary injunction in another sexual offender case that involves the same or substantially similar legal issues as this case. *See Does #1-9 v. Lee*, 3:21-cv-00590 (M.D. Tenn.), Doc. No. 138, *appeal filed* No. 23-5248 (6th Cir., Mar. 28, 2023).

Defendants specifically do not concede any particular litigation position or waive any right to defend any aspect of the case beyond the preliminary injunction.

In light of the foregoing, Defendants do not oppose Plaintiff's Motion for Preliminary Injunction and, with the exception of ruling on Plaintiff's Motion for Preliminary Injunction, the parties jointly seek a stay of this case pending the Sixth Circuit's decision in *Does #1-9*.

Plaintiff's Unopposed Motion for Preliminary Injunction (Doc. No. 8) is **GRANTED**. Because the motion is unopposed, the Court makes no findings at this time as to Plaintiff's likelihood of success on the merits of the claims. The Court finds that Defendants are unlikely to incur more than minimal costs in complying with this preliminary injunction and, therefore, will not require Plaintiff to post security as a condition of obtaining preliminary injunctive relief.

The joint motion to administratively stay the case pending the Sixth Circuit's decision in *Does #1-9 v. Lee* (Doc. No. 10) and Defendants' motion for extension of time to respond to the Complaint (Doc. No. 11) are also **GRANTED**. This case will be administratively stayed following the entry of this Order.

Accordingly, the Court hereby **ORDERS** as follows:

1. Defendants and their officers, directors, agents, servants, representatives, attorneys, employees, subsidiaries, and affiliates, and those persons in active concert or participation with them are prohibited from:

    a. Enforcing Tennessee's Sexual and Violent Sexual Offender Registration, Verification, and Monitoring Act ("SORA") (Tenn. Code Ann. § 40-39-201, *et seq*.) against Plaintiff;

    b. Requiring Plaintiff to comply with any portion of SORA;

    c. Publishing Plaintiff's information on the sex offender registry.

2. Defendants shall provide notice of the preliminary injunction to Defendants' officers, directors, agents, servants, representatives, attorneys, employees, subsidiaries, and affiliates, and those persons in active concert or participation with them and take whatever means are necessary or appropriate to ensure proper compliance by all such third parties with this preliminary injunction.

3. This case is **STAYED** and **ADMINISTRATIVELY CLOSED** pending further order of the Court. Within thirty (30) days of the Six Circuit's decision in *Does #1-9 v. Lee*, Case No. No. 23-5248, the Parties shall notify the Court of the decision and request the Court lift the stay and reopen the case. Defendants shall answer or otherwise respond to the Complaint within fourteen (14) days of the reopening of the case.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE